TRAVIS CLOSE, et al.,       )
                               )
      Plaintiff,          )
                               )
v.                            )        No. 1:18–cv–00110–PLR–SKL
                               )
COOL RUNNINGS EXPRESS, INC., et al.,   )
                               )
      Defendant.        )

## MEMORANDUM AND ORDER REGARDING SEALING CONFIDENTIAL INFORMATION

This Memorandum and Order Regarding Sealing Confidential Information sets forth the specific standards that must be met and the procedures that must be followed in order to file anything in the Court record under seal.

### Standard Required to File Information Under Seal

This Court regularly signs agreed protective orders, pursuant to Federal Rule of Civil Procedure 26(c), which permit the parties to designate the discovery they wish to keep confidential among themselves. This practice is permissible because "'[s]ecrecy is fine at the discovery stage, before the material enters the judicial record.'" *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)). Unfortunately, parties often assume – erroneously – that because they have designated certain information as confidential, they can then file that same information under seal in the Court's record. "[T]here is a stark difference between so–called 'protective orders' entered pursuant to the discovery provisions of Federal Rule of Civil Procedure 26, on the one hand, and orders to seal court records, on the other." *Id.*

When information is exchanged during the discovery phase of litigation, that information is not considered by a court to render a ruling on an issue in the case. *See id*. "At the adjudication stage, however, very different considerations apply," *id*. (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)), because, of course, a court does consider the information filed in the court record to make its rulings. Therefore, "[u]nlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the public record.'" *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). Accordingly, "[c]ourts have long recognized . . . a 'strong presumption in favor of openness' as to court records." *Id.* (quoting *Brown & Williamson*, 710 F.2d at 1179).

In *Shane Group.*, the Sixth Circuit discussed the very high barrier a party must surmount to overcome the presumption of openness as to a court's record:

> The burden of overcoming that presumption is borne by the party that seeks to seal them. *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). The burden is a heavy one: **"Only the most compelling reasons can justify non–disclosure of judicial records."** *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). Moreover, the greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access. *See Brown & Williamson*, 710 F.2d at 1179.

825 F.3d at 305 (emphasis added); *see also Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 594 (6th Cir. 2016) (requiring "compelling reasons" to justify sealing court records). Moreover, "even where a party can show a compelling reason why certain documents or portions thereof should be

sealed, the seal itself must be narrowly tailored to serve that reason." *Shane Grp.*, 825 F.3d at 305; *see also Rudd Equip.*, 834 F.3d at 594 (same); *Beauchamp v. Fed. Home Loan Mortg. Corp.*, 658 F. App'x. 202, 207 (6th Cir. 2016) (same).

The reasons for this "heavy burden" are examined thoroughly in *Brown & Williamson* wherein the court began its discussion by recognizing this country's long–standing tradition of public access to court proceedings based upon the First Amendment and common law. 710 F.2d at 1177. *see also In re Morning Song Bird Food Litig.*, 831 F.3d 765, 782 (6th Cir. 2016) ("As a general rule, the public has a first amendment right of access to court documents and proceedings"); *Rudd Equip. Co.*, 834 F.3d at 593 ("a court's discretion to seal its records is bounded by a 'long–established legal tradition' of the 'presumptive right of the public to inspect and copy judicial documents and files'") (quoting *In re Knoxville News–Sentinel Co.*, 723 F.2d at 474).

In *Brown & Williamson*, the court articulated three reasons for the right of public access. First, "public trials play an important role as outlets for community concern, hostility and emotions. When judicial decisions are known to be just and when the legal system is moving to vindicate societal wrongs, members of the community are less likely to act as self–appointed law enforcers or vigilantes." 710 F.2d at 1178 (internal citations omitted). Second, "public access provides a check on the courts. Judges know that they will continue to be held responsible by the public for their rulings. Without access to the proceedings, the public cannot analyze and critique the reasoning of the court" Id. As such, "[o]ne of the ways we minimize judicial error and misconduct is through public scrutiny and discussion." *Id.* Third, "open trials promote true and accurate fact finding." *Id.* (internal citation omitted). The court in *Shane Group* articulated the reasons for the public's interest in open access to court records similarly:

> "[S]ecrecy insulates the participants, masking impropriety, obscuring incompetence, and concealing corruption." [*Brown & Williamson*, 710 F.2d at 1179]. And in any of these cases, the public is entitled to assess for itself the merits of judicial decisions. Thus, "[t]he public has an interest in ascertaining what evidence and records the District Court and this Court have relied upon in reaching our decisions." *Id.* at 1181.

825 F.3d at 305.

The right of access is not absolute, however. *Brown & Williamson*, 710 F.2d at 1179. There are two categories of exceptions to the right of public access. The first category is the need to keep dignity and order in the courtroom. In such an instance, the legitimate societal interest in protecting the adjudicatory process from disruption outweighs the interest of unfettered public access to the proceedings. *Id.* The second category consists of restrictions based on the content of the information to be disclosed to the public. *Id.* Certain content–based exceptions outweigh the right to public access. Some of these exceptions include:

> 1) a defendant's right to a fair trial,
> 2) trade secrets,
> 3) national security, and
> 4) certain privacy rights of participants and third parties.

*Id.*; *see also Rudd Equip.*, 834 F.3d at 593 (noting defendant's right to a fair trial, national security, protection of trade secrets, privacy rights of a third party, and information protected by statute or a recognized privilege may be a valid basis for sealing a court record).

When faced with a request to seal, the reviewing court must "balance the litigants' privacy interests against the public's right of access, recognizing our judicial system's strong presumption in favor of openness." *Rudd Equip.*, 834 F.3d at 594; *see also Shane Grp.*, 825 F.3d at 305. An unopposed motion to file under seal is an insufficient basis to justify sealing court records in a civil case; a court has an independent obligation to determine whether the interests in favor of sealing outweigh the public's right of access to court records. *Rudd Equip.*, 834 F.3d at 595. "[N]either harm to reputation of the producing party nor conclusory allegations of injury are sufficient to overcome the presumption in favor of public access." *In re Se. Milk Antitrust Litig.*, 666 F. Supp. 2d 908, 915 (E.D. Tenn. 2009). "The proponent of sealing must . . . 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Shane Grp.*, 825 F.3d at 305–06 (citing *Baxter Int'l*, 297 F.3d at 548). "'A naked conclusory statement that disclosure will injure a producing party falls woefully short of the kind of showing which raises even an arguable issue as to whether it may be kept under seal.'" *In re Se. Milk Antitrust Litig.*, 666 F. Supp. 2d at 915 (quoting *Brown & Williamson*, 710 F. 2d at 1179–80). At the very least, a party's assertion that information it seeks to seal constitutes legitimate trade secrets must be supported by an affidavit. In some instances, it may be necessary to hold an evidentiary hearing to determine whether information purported to be confidential business information can be filed under seal.

Finally, the court must make specific findings on the record that the public's interest in access is outweighed by specific and compelling harm which would result if the information at issue were filed in the open record. *Rudd Equip.*, 834 F.3d at 595; *Shane Grp.*, 825 F.3d at 306. The court must also explain "why the seal itself is no broader than necessary." *Shane Grp.*, 825 F.3d at 306.

It is highly unlikely that the Court will place entire motions and their supporting documents under seal. To do so would eliminate from the public record all bases for any ruling upon the motion by the Court thereby eviscerating the public's First Amendment right of access. The parties are encouraged to be very selective in the information they seek to seal. As previously indicated, agreement by the parties that information is confidential business information, trade secrets or protected personal information, standing alone, does not meet the standard required to file information under seal.

<u>Procedure Required to Obtain Leave to File Under Seal</u>

1.   Any party who wants to file material under seal must file an appropriate motion in the Court record seeking leave to do so. In filing this motion, the moving party MUST comply with Rule 26.2 of the Local Rules for the Eastern District of Tennessee and Rule 12.2 of the Electronic Case Filing Rules and Procedures.[1] If the motion to seal is granted, the document shall remain under seal, unless the Court orders otherwise. If the Court denies the motion to seal, the moving party may file that same material, which was the subject of the motion to seal, in the public record within seven days of entry of the Court's order denying the motion to seal.

2.   In the event a party moves to file under seal information which has been designated as confidential by someone else (*e.g.*, another party or a non–party), the party who has designated the information as confidential will have fourteen days from service of the motion to seal to file: (a) a response indicating whether that party supports the motion to seal, and (b) if the response is in the affirmative, any declarations or other papers supporting such response.

3.   Except as stated in Federal Rule of Civil Procedure 5.2, redaction is considered by the Court to be the same as sealing information. *See* E.D. Tenn L.R. 26.2. Where a party has met the rigorous standard to file information under seal, redaction is required unless more than 50% of the document needs to be sealed. <u>A proposed redacted document (the document with the confidential information redacted from it) should be filed as an attachment to the motion to seal or response to the motion to seal, as is appropriate under the circumstances. An unredacted document (the document containing the confidential information) shall be filed using the *Proposed Sealed Document* event, with all proposed redacted portions (confidential portions) of the document highlighted using a legible text highlight color, to enable the Court to identify and review those confidential portions of the document that the moving party is asking to be sealed, *i.e.* redacted from the public record permanently.</u>

4.   Failure to comply with the procedures set forth in this Order may result in the Court summarily denying the motion.

5.   Unless this Memorandum and Order Regarding Sealing Confidential Information is expressly vacated in whole or in part, any provision of a protective order or confidentiality order entered in this case at any time which conflicts with any provision of this Memorandum and Order Regarding Sealing Confidential Information is hereby deemed STRICKEN.

IT IS SO ORDERED.

s/Pamela L Reeves
UNITED STATES DISTRICT JUDGE

---

[1] Counsel's attention is also invited to "CMECF Sealed Documents – Documentation for Attorneys, September 1, 2009" which can be found at:http://www.tned.uscourts.gov/sites/tned/files/sealed_ex_parte.pdf